# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMMY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | 4:09CV3116 |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Social Security Commissioner ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the plaintiff Tammy Williams' (Williams) motion for reconsideration (Filing No. 30). The court entered an order affirming the Commissioner of Social Security's decision to deny Williams' disability benefits and entered a judgment favoring the Commissioner on March 28, 2011 (Filing Nos. 26, 27). On May 31, 2011, Williams filed a two-page letter (Filing No. 30) with attached medical records requesting reconsideration of the evidence in her disability claim. Williams argues recently dated or recently discovered medical records illustrate her inability to work because of physical and mental instability and illness. On June 6, 2011, the defendant filed a brief (Filing No. 31) in opposition to the motion for reconsideration. The court received additional evidentiary documents (Filing No. 32) from Williams on June 13, 2011.

Williams' May 31, 2011, motion did not specify whether her request for reconsideration is pursuant to Fed. R. Civ. P. 59(e) or 60(b). A motion based upon Rule 59(e) must be filed within 28 days of judgment. **See** Fed. R. Civ. P. 59(e). Williams filed her request on May 31, 2011, more than 28 days after the judgment, which was entered on March 28, 2011. Therefore, the request for reconsideration under Rule 59(e) should be denied because it was not timely filed.

Correspondingly, if the request for reconsideration is construed under Rule 60(b), Williams must show she is entitled to relief for one of the following reasons:

      (1)    mistake, inadvertence, surprise, or excusable neglect;
      (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
      (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>     (4)   the judgment is void,
>     (5)   the judgment has been satisfied . . . ; or
>     (6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The motion should also be denied under Rule 60(b) because Williams fails to meet her burden of showing any of the Rule 60(b) prerequisites apply. The plaintiff's motion is based only on her discovery of recently documented or recently found medical records. The plaintiff, however, fails to make any showing of either mistake, neglect, fraud, or new evidence in support of the plaintiff's position. The medical records attached to the request for reconsideration are six documents from David W. Swift, M.D., dated August 23, 1996, April 17, 1998, November 11, 1998, January 12, 1999, May 25, 1999, and June 9, 1999 (Dr. Swift documents); and two, more recent, documents dated November 3, 2010, and May 13, 2011. Additionally, the documents received by the court on June 13, 2011, comprise of a July 28, 2008, letter from Williams' then-attorney to the ALJ with then-proposed Exhibit 27F, a psychological report dated June 30, 2008. **See** Filing No. 32.

42 U.S.C. § 405(g), which governs this court's review of the Commissioner's decision, generally precludes consideration of evidence that was not in the record during the administrative proceedings. **See** *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997); **see also** *Baker v. Barnhart*, 457 F.3d 882, 891 (8th Cir. 2006). In fact, this court may appropriately remand based on new evidence "only upon a showing by the claimant 'that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Jones*, 122 F.3d at 1154 (**quoting** 42 U.S.C. § 405(g)). "To be considered material, the new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied." *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008). "Furthermore, it must be reasonably likely that the Commissioner's consideration of this new evidence would have resulted in an award of benefits." *Jones*, 122 F.3d at 1154 (internal citation and quotation omitted).

Williams fails to show the documents she submitted are material. Williams has not shown her evidence, although recently re-discovered by her, could not have been discovered with reasonable diligence and presented in a timely manner for her application.

The plaintiff states only that she found the documents mixed in with some other paperwork. The plaintiff asserts the documents were not added to the record to support her application for disability benefits. However, her assertion is inaccurate. Dr. Swift's documents were included in the application for disability insurance benefits and considered as part of the application and appeals processes. **See** AR. 532-541 - Exhibit 28F. The ALJ made specific reference to them in his decision. **See** AR. 34. Additionally, Exhibit 27F was made part of the administrative record (AR. 522-531) and discussed in the ALJ's decision (AR. 45-46) and in this court's March 28, 2011, Order (Filing No. 26 p. 11-12). As such, the earlier dated exhibits do not constitute new evidence, nor were they mistakenly omitted by the claimant, or overlooked by the ALJ or the court.

The more recent 2010 and 2011 evidence is not material to Williams' current case because it does not relate to the time period for which benefits were denied. **See *Jones*, 122 F.3d at 1154** ("Additional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application for benefits."). Specifically, the one-page letter from Doyle D. Daiss, dated November 3, 2010, indicates Williams sought treatment in March 2004, and describes her difficulty in maintaining employment and need for financial assistance related to a 2010 application to the Assistance to the Aged, Blind, or Disabled program. **See** Filing No. 30 at p. 4. Although the November 3 letter was not part of the administrative record, the court reviewed and considered Mr. Daiss' March 12, 2004, intake assessment that was relevant to the period for which benefits were sought. **See** Filing No. 26 - Order p. 3 (referencing AR. 347-350). Similarly, the ALJ considered Mr. Daiss' 2004 opinions. **See** AR. 42. However, the November 3, 2010, letter is not material to the relevant period between Williams' alleged onset date, October 13, 2003, and the ALJ's discussion date, October 20, 2008.

Likewise, the document dated May 13, 2011, is not material to the current case. The May 13, 2011, document appears to be a prescription form stating the plaintiff "is unable to work and needs help with food stamps." **See** Filing No. 30 at p. 3. The May 13, 2011, prescription text does not indicate any basis or time frame for the opinion of Eva Brion, M.D., from the Lanning Center. However, the administrative record does contain other

timely and relevant medical records from the Lanning Center, which were considered by the ALJ and this court. **See, e.g.,** Filing No. 26 - Order p. 4 (referencing AR. 282); AR. 34-35. Accordingly, neither Williams nor the text of the May 13, 2011, prescription provide information about how the documents pertain to the relevant time period or disability determination. The May 13, 2011, document is either redundant of other record evidence or, more likely, it does not relate to the time period for which benefits were denied.

As another basis to deny Williams' motion for reconsideration, the request raises issues not raised in her earlier appeal. **See *Johnson v. Chater*, 108 F.3d 942, 946 n.3 (8th Cir. 1997)** ("Arguments and evidence which could, and should, have been raised or presented at an earlier time in the proceedings cannot be presented in a Rule 59(e) motion."). The request specifically references review of her disability claim in relation to her symptoms related to fibromyalgia. **See** Filing No. 30 - Request p. 1. Williams' disability application and the ALJ's October 20, 2008, decision address both her physical and mental impairments (AR. 22-48, 98-100). However, in the administrative appeal to this court, Williams challenged only the ALJ's determination of disability with respect to her mental impairments. **See** Filing No. 21 - Brief p. 1. Accordingly, the court did not review the ALJ's decision with respect to any of Williams' physical impairments. **See** Filing No. 26 - Order p. 2-3. Williams cannot raise this argument for reconsideration when she could or should have done so earlier. Williams fails to provide any explanation for why the argument was not raised earlier in the proceeding.

The court has reviewed its order, the record, the plaintiff's filings, and the defendant's opposition and finds no legal or factual justification for reconsideration. Therefore, Williams' motion will be denied. Upon consideration,

**IT IS ORDERED:**

Williams' motion for reconsideration (Filing No. 30) is denied.
DATED this 15th day of June, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge